UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARREN TAYLOR, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-550-CCB-SJF |
| RON NEAL, MARK NEWKIRK, SR., and JOHN/JANE DOE, | |
| Defendants. | |

### OPINION AND ORDER

Darren Taylor, a prisoner without a lawyer, filed a complaint alleging he took antibiotics for a respiratory infection last October. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor believes his respiratory infection was caused by bird feces near his cell. He sues three defendants seeking injunctive relief to remove the bird feces. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir.

2008). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). It is unclear if the bird feces caused his respiratory problems. It is unclear if it presents a hazard to him today. But it is clear that Warden Ron Neal has both the authority and the responsibility to ensure that inmates have constitutionally adequate sanitation. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Taylor also sues Grievance Supervisor Mark Newkirk and Lt. John/Jane Doe, but neither are proper defendants for the injunctive relief he is seeking. They will be dismissed and Taylor will proceed only against Warden Neal for permanent injunctive relief.

Taylor also seeks a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In assessing the merits for a preliminary injunction claim, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court

must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

Here, Taylor may proceed on a claim for a permanent injunction because the court liberally construes the allegations of the complaint when screening under 28 U.S.C. § 1915A. However, when considering his request for a preliminary injunction, his speculation that his respiratory infection was caused by bird feces last October does not demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief, that the equities tip in his favor, or that an injunction is in the public interest.

For these reasons, the court:

(1) **GRANTS** Darren Taylor leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief to remove the bird feces near his cell if necessary to provide him with constitutionally adequate sanitation under the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Mark Newkirk, Sr., and John/Jane Doe;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2); and

(5) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 30, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT